UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY JEAN DITTBENNER,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCE COLLECTION SERVICE, INC,<br><br>Defendant. | Case No. 1:20-cv-06205 |

## COMPLAINT

**NOW COMES** Plaintiff, AMY JEAN DITTBENNER, by and through her undersigned counsel, complaining of Defendant, ALLIANCE COLLECTION SERVICE, INC. as follows:

## NATURE OF THE ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. AMY JEAN DITTBENNER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. ALLIANCE COLLECTION SERVICE, INC. ("Defendant") is a debt collection firm.

7. Defendant maintains a principal place of business at 3916 S. Business Park. Avenue, Marshfield, WI 5449.

1

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

## FACTUAL ALLEGATIONS

9. Plaintiff was involved in a car accident on January 13, 2019.

10. As a result of the car accident, Plaintiff required medical attention and treatment.

11. Said medical treatment generated a medical bill.

12. Plaintiff has not been able to make a payment on the debt ("subject debt").

13. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) (medical treatment).

14. The subject debt was eventually placed with Defendant for collection.

15. On or around October 05, 2020 Defendant mailed Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Letter").

16. Defendant's Letter depicted, in pertinent part, as follows:

**Intentionally Left Blank**



17. Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

18. Defendant's Letter did not conspicuously identify the **current creditor** as required by §1692g(a)(2) of the FDCPA.

19. Specifically, Defendant's Letter identified "DREYER CLINIC INC. AURORA 2363 SEQUOIA" as a "Creditor" but did not identify the **current creditor.**

20. Defendant's Letter confused Plaintiff as she was unable to determine if the creditor, Dreyer Clinic Inc. Aurora 2363 Sequoia, was also the current creditor.

21. In other words, just because Dreyer Clinic Inc. Aurora 2363 Sequoia may have been the original creditor does not necessarily mean that it is also the **current creditor.**

22. Further obfuscating the identity of the **current creditor**, Defendant's Letter requested that payment be made directly to Defendant, and not Dreyer Clinic Inc. Aurora 2363 Sequoia.

23. Defendant's Letter was additionally confusing because it did not conspicuously identify Dreyer Clinic Inc. Aurora 2363 Sequoia as the entity that placed the subject debt with Defendant, thus further obscuring the identity of the **current creditor.**

24. Defendant's Letter also stated that Plaintiff could write to Defendant to find out if the original creditor was different from the current creditor.

25. This language raised the possibility that the subject debt could have been sold, but did not clarify who actually owned the subject debt.

26. Accordingly, Defendant's Letter confused Plaintiff as she was unable to determine whether Dreyer Clinic Inc. Aurora 2363 Sequoia, Defendant, or an unknown third party was the current creditor to whom the subject debt is owed to.

27. The confusing language in Defendant's Letter impacted Plaintiff's decision to pay the subject debt as Plaintiff was deprived of her right to receive critical information required by the FDCPA.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

28. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### **Violation(s) of 15 U.S.C. § 1692g**

29. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   (1)   the amount of the debt;

   (2)   **the name of the creditor to whom the debt is owed**;

   (3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5)   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

30. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the identity of the current creditor.

31. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA

32. Specifically, Defendant violated §1692g(a)(2) by failing to identify the **current creditor** to whom the debt is owed.

33. As set forth above, Defendant's Letter confused Plaintiff as she was unable to determine whether Dreyer Clinic Inc. Aurora 2363 Sequoia, Defendant, or an unknown third party was the current creditor to whom the subject debt is owed to.

34. The confusing and misleading nature of Defendant's Letter impacted Plaintiff's decision to pay the subject debt and thus Defendant's omissions and misrepresentations were material.

35. Assuming that Dreyer Clinic Inc. Aurora 2363 Sequoia. is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek v. Client Services, Inc.,* 948 F.3d 761, 765 (7th Cir. 2020).

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692g(a)(2);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of attorney's fees and costs; and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: October 19, 2020          Respectfully submitted,

**AMY JEAN DITTBENNER**

By: */s/ Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com