**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| AMY JEAN DITTBENNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:20-cv-06205 |
| v. | ) | |
| | ) | Hon. Ronald A. Guzman |
| ALLIANCE COLLECTION SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Alliance Collection Agencies, Inc. ("Alliance")—incorrectly named in the complaint as "Alliance Collection Service, Inc."—by and through its undersigned counsel, Bassford Remele, PA, submits this memorandum of law in support of its motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6):

**Introduction**

For nearly 500 years, the word "creditor" has been commonly understood to mean "one to whom a debt is owed." *See* https://www.merriam-webster.com/dictionary/creditor (last accessed Dec. 11, 2020). Congress did not re-invent the wheel in defining the term when it enacted the Fair Debt Collection Protection Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"): "[t]he term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4).

Notwithstanding five centuries of common usage—codified in the pertinent federal statute—Plaintiff challenges a letter Alliance sent to her based on the following description of the

creditor to whom Plaintiff owes a debt: "CREDITOR: DREYER CLINIC INC AURORA 2363 SEQUOIA." [Compl. ¶ 16.]

Amazingly, Plaintiff alleges the letter "did not conspicuously identify the **current creditor**" and that the letter confused her "as she was unable to determine if the creditor, Dreyer Clinic Inc. Aurora 2363 Sequoia, was also the current creditor." [Compl. ¶¶ 18-19.]

No consumer, unsophisticated or otherwise, would interpret the challenged language to mean anything other than Alliance was attempting to collect a debt that Plaintiff owes to the sole creditor listed in the letter. Plaintiff's proffered reading of the letter is the type of bizarre, idiosyncratic interpretation that cannot state a claim under the FDCPA. Indeed, the Seventh Circuit just last year rejected Plaintiff's strained reading of the letter, as did a district court in this circuit a mere two weeks ago. *See Smith v. Simm Associates, Inc.*, 926 F.3d 377 (7th Cir. 2019); *Cunningham v. Transworld Sys., Inc.*, No. 20-cv-1364 (S.D. Ind. Dec. 1, 2020).

Accordingly, Alliance respectfully requests the Court dismiss Plaintiff's complaint in its entirety and with prejudice.

## Relevant Background[1]

Plaintiff incurred a medical debt that she failed to repay. [Compl. ¶¶ 9–11.] The creditor placed Plaintiff's debt with Alliance for collection. [Compl. ¶ 14.]

Alliance sent Plaintiff a letter identifying her creditor, as required by the FDCPA:

```
CREDITOR:       DREYER CLINIC INC AURORA 2363 SEQUOIA
RE:             AMY DITTBENNER
REFERENCE #:    7337375
BALANCE:        $859.39
```

[Compl. ¶ 16; 15 U.S.C. § 1692g(a)(2).]

---

[1] Plaintiff's alleged facts are set forth and taken as true only for purposes of this present motion. Defendant reserves the right to challenge the veracity of any and all of Plaintiff's allegations.

Alliance identified itself as the collection agency attempting to collect Plaintiff's unpaid debt to her creditor. [Compl. ¶ 16 ("The account identified above has been listed with our agency for collection").]

The letter also provided the "validation notice" the FDCPA requires in the initial communication with the consumer:

> This account identified above has been listed with our agency for collection. The entire balance is due. Please send payment to Alliance Collection Agencies, Inc. at the address shown at the top of this letter.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

[Compl. ¶ 16; 15 U.S.C. § 1692g(3)-(5).]

Plaintiff challenges Alliance's letter in a single count, alleging that it did not contain "the name of the creditor to whom the debt is owed," as required by § 1692g(a)(2), because it did not use the phrase "**current creditor**." [Compl. ¶ 19.]

## Argument

### I. LEGAL STANDARD FOR DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

A Rule 12(b)(6) motion asks the court to determine the sufficiency of the complaint (i.e., whether it states a claim upon which relief can be granted); nothing more, nothing less. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

On a Rule 12 motion to dismiss, the court may consider the complaint as well as any documents that are attached to, or incorporated into, the complaint. *Beam v. IPCO Corp.*, 838 F.2d 242, 243 (7th Cir. 1988) ("Beam's exhibit poses no problem under Rule 12(b) because the district court is entitled to consider exhibits attached to the complaint as part of the pleadings."); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2012) ("Because the letter was attached to the complaint, it became part if for all purposes … and so the judge could consider it in deciding the motion to dismiss without having to convert the motion to one for summary judgment."); *see also* Fed. R. Civ. P. 10(c).

Dismissal is warranted under Rule 12(b)(6) when, even treating the alleged facts as true, the plaintiff has no legal claim. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.,* 184 F.3d 623, 627 (7th Cir. 1999).

## II. STANDARD FOR ASSESSING COLLECTION LETTERS

### A. The Unsophisticated Consumer

Courts in this circuit examine collection letters from the perspective of an unsophisticated consumer. *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Fields v. Wilber Law Firm, PC*, 383 F.3d 562, 564-66 (7th Cir. 2004)).

"The unsophisticated consumer is uniformed, naïve, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (internal quotation marks and bracketing omitted and citing *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 678 (7th Cir. 2007); *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)).

4

As the Seventh Circuit put it, bluntly, "[t]he 'unsophisticated consumer' isn't a dimwit." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). In applying the unsophisticated consumer standard, "as a matter of law, [courts] shall not entertain a plaintiff's bizarre, peculiar, or idiosyncratic interpretation of a collection letter." *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006).

Because the unsophisticated consumer standard is <u>objective</u>, "a mere claim of confusion is not enough: a plaintiff must show that the challenged 'language of the letters unacceptably increases the level of confusion.'" *Durkin*, 406 F.3d at 415. (quoting *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1990)). As a result, a consumer-plaintiff attempting to allege a claim under section 1692e or section 1692f of the FDCPA must demonstrate that the collection letter at issue would mislead or deceive "a significant fraction of the population." *Id.* at 414-15.

### B. The Three Categories

The Seventh Circuit has sorted FDCPA letter claims premised on alleged consumer "confusion" or "deception" into three categories. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 322-23 (attempted claims arising from "general prohibitions against false, deceptive, or misleading statements and practices," including those asserted under section 1692e, are covered by the three categories framework); *Lox v. CDA, Ltd.*, 689 F.3d 818 (7th Cir. 2012) (attempted claims arising from alleged misleading debt collection language covered); *Ruth v. Triumph P'Ships*, 577 F.3d 800 (7th Cir. 2009) (alleged deceptive or misleading statements covered).

The *Janetos* court described the formulation of the three-category framework:

> It is true that for claims under § 1692e, or at least those based on its general prohibitions against false, deceptive, or misleading statements or practices, we have sorted cases into three categories. The **first category** includes cases in which the challenged language is plainly and clearly not misleading. No extrinsic evidence is needed to show that the debt collector ought to prevail in such cases. The **second *Lox* category** includes debt collection language that is not misleading or confusing

5

> on its face, but has the potential to be misleading to the unsophisticated consumer. In such cases, plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive. The **third category** is cases in which the challenged language is plainly deceptive or misleading, such that no extrinsic evidence is required for the *plaintiff* to prevail.

825 F.3d at 322-23 (emphasis added, internal quotations omitted, and citing *Ruth*, 577 F.3d at 800 and *Lox*, 689 F.3d at 822); *see also Durkin*, 406 F.3d at 414 ("so-called unsophisticated consumer or debtor" standard applies to § 1692f claims).

### C. The Letters in This Case Fall into the First Category[2]

The collection letter here is straightforward and <u>not</u> confusing, misleading, or deceptive on its face, such that no resort to extrinsic evidence is necessary. *Janetos*, 825 F.3d at 322-23 (citing *Lox*, 689 F.3d at 822). In such circumstances, the debt collector is entitled to judgment as a matter of law. *Taylor v. Cavalry Inv., LLC*, 365 F.3d 572, 574-75 (7th Cir. 2000) ("If it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it—if as in *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000), the interpretation attested to by the plaintiff is a 'fantastic conjecture'—the court should reject it without requiring evidence beyond the letter itself.").

### III. THE CHALLENGED LETTER IS FACIALLY <u>NOT</u> "MISLEADING" OR "CONFUSING"

Plaintiff's sole basis for challenging Alliance's letter is that she was allegedly "confused" as to who her creditor was. Plaintiff's fantastical interpretation of the letter does not change the reality that it did clearly and accurately identify Plaintiff's creditor and, as a result, is facially neither "confusing" nor "misleading," even to the unsophisticated consumer.

---

[2] The other two categories within the *Lox/Janetos* framework are not applicable in this case.

A. **The Letter Clearly and Accurately Identified Plaintiff's Creditor**

The FDCPA requires a debt collector to provide "the name of the creditor to whom the debt is owed" in the initial communication with the consumer. 15 U.S.C. § 1692g(a)(2). "[T]he FDCPA does not require use of any specific terminology to identify the creditor." *Smith v. Simm Assocs., Inc.*, 926 F.3d 377, 381 (7th Cir. 2019). The Act requires only that "the letter … make that identification clearly enough that the recipient would likely understand it." *Janetos*, 825 F.3d at 321 (citing *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004)).

Here, the letter identified the entity to whom Plaintiff owed the debt with the identifier "CREDITOR," immediately followed by the creditor's name, at the very outset of the letter (and before conveying any other substantive information to Plaintiff). This is all the FDCPA requires.

By identifying the creditor to whom Plaintiff owes a debt in a clear and accurate way that even the unsophisticated consumer would understand, Alliance's letter satisfied § 1692g(a)(2). Thus, this matter is distinguishable from *Steffek v. Client Services, Inc.*, which Plaintiff cites in the complaint for the proposition that "[t]he mere presence of the correct name in the notice somewhere does not suffice." [Compl. ¶ 35; 948 F.3d 761 (7th Cir. 2020).]

The issue in *Steffek* was "that the form letter simply did not identify Chase Bank as the creditor to whom the debts were then owed. The heading said "***RE:*** CHASE BANK," then followed by an account number, which communicated only that the letter somehow related to the listed Chase Bank account." *Steffek*, 948 F.3d at 765 (emphasis added).

In other words, although the *Steffek* letter included the name of the creditor, it did not *clearly* identify the creditor to the unsophisticated consumer by using the identifier "RE." The instant letter—identifying the creditor with the unmistakable identifier "CREDITOR"—does not suffer from this alleged defect.

7

Accordingly, *Steffek* is inapposite. The *Janetos* case is likewise distinguishable. 825 F.3d at 321, 323 (letter including identifier "transferred from" and name of creditor, as well as name of original creditor, without clear explanation of who owned the debt, failed to comply with § 1692g(a)(2)).

### B.    The FDCPA Does Not Require Use of the Phrase "Current Creditor"

Plaintiff attempts to read an additional requirement into the "name of the creditor" provision of § 1692g(a), suggesting that the letter must use the phrase "*current* creditor" to comply.

The Seventh Circuit already rejected this aspirational reading of § 1692g(a) in *Smith*. There, a pair of consumers challenged letters containing disclosures substantially similar to the following:

| CLIENT: PAYPAL CREDIT | ORIGINAL CREDITOR: Comenity Capital Bank |
|---|---|
| BALANCE: $4,588.42 | ORIGINATION DATE: 04/11/2008 |

*Id*. at 380.

Just as Plaintiff in the instant matter, the *Smith* consumers alleged the letters failed to comply with "15 U.S.C. § 1692g(a)(2) because they fail[ed] to identify the name of the creditor to whom the debt is *currently* owed." *Id*. at 379 (emphasis added).

In affirming the district court's grant of summary judgment to the collector, the Seventh Circuit held that even an unsophisticated consumer would not be confused by the challenged identification of the creditor, reasoning that:

> the letter identifies a single "creditor," as well as the commercial name to which the debtors had been exposed, allowing the debtors to easily recognize the nature of the debt. It is true the letter identifies Comenity Capital Bank as the "original" instead of "current" creditor. **But the FDCPA does not require use of any specific terminology to identify the creditor**. **And the letter does not identify any creditor other than Comenity Capital Bank, which might have led to consumer confusion**.

8

*Id.* at 381 (emphasis added).

The *Smith* court further noted that the FDCPA does not require a collection letter to refer to the "creditor to whom the debt is owed" as the "*current* creditor:"

> As Simm explains, Smith's and Nieto's "position is that Simm's letter, which was designed specifically to dispel confusion of the unsophisticated consumer, violates the FDCPA because it does not contain a word that is absent from the language of [the] statute, and which no court has ever determined must be contained in a collection letter." We agree with Simm. Congress designed the FDCPA to "protect consumers from abusive and unfair debt collection practices." *Janetos*, 825 F.3d at 320. The letter provides a whole picture of the debt for the consumer, identifying the creditor to whom the debt is owed as well as the commercial name the consumer is more likely to recognize. This provides clarity for consumers; it is not abusive or unfair and does not violate § 1692g(a)(2).

*Id*.

Here, like in *Smith*, the challenged letter identifies a single entity as the "CREDITOR." Alliance's letter did not modify "CREDITOR" with words like "original" or "current." Accordingly, "[w]ithout any modifier, 'creditor' here logically must refer to the present creditor. Grammatical construction dictates as much." *Cunningham v. Transworld Sys., Inc.*, No. 20-cv-1364, at *2 (S.D. Ind. Dec. 1, 2020).

No modification was necessary under the circumstances to clearly and accurately convey "the name of the creditor to whom the debt is owed"—i.e., the lone "CREDITOR" listed in the letter. In fact, "[n]othing beyond a basic vocabulary and basic grammatical construction is needed for this logical deduction to be made." *Id*. at *3; *cf. Dennis v. Niagara Credit Solutions, Inc.*, 946 F.3d 368 (7th Cir. 2019) (letter identified an "original creditor" and a "current creditor" where debt at issue <u>had been purchased by a debt buyer</u> that then attempted to collect from the consumer).

In sum, Alliance was not required to use any magic word—e.g., "current"—to describe the creditor to whom Plaintiff owed her debt and satisfied § 1692g(a)(2) by simply listing the creditor following the clear identifier "CREDITOR." *Cunningham*, 2020 WL 704076, at *3 ("The term

9

'creditor' used to identify the current creditor is sufficient to satisfy § 1692g(a)(2) and inform Cunningham to whom the debt is owed.").

The only reasonable reading of the letter is that Alliance was attempting to collect a debt Plaintiff owed to the sole "CREDITOR" identified; any other proffered interpretation is idiosyncratic and bizarre, as well as contrary to the requirements of § 1692g(a)(2) and basic grammar principles.

### C. The Letter Clearly and Accurately Conveyed the Role of the Entities Involved

Despite its clarity and accuracy, Plaintiff incredibly alleges that the challenged letter was "confusing because it did not conspicuously identify Dreyer Clinic Inc. Aurora 2363 Sequoia as the entity that placed the subject debt with Defendant …." [Compl. ¶ 23.] Plaintiff further alleges confusion because the letter "requested that payment be made directly to" Alliance. [*Id*. at ¶ 22.]

These allegations ignore the plain text of the letter, which clearly and accurately conveyed that Alliance was attempting to collect Plaintiff's debt to the "CREDITOR." [*Id*. at ¶ 16 (identifying the "CREDITOR" in the letter's heading and then stating immediately below that "[t]his account identified above has been listed with our agency for collection.")

The letter did not reference any other creditors; it did not reference any entities other than Alliance and the "CREDITOR" that might confuse the unsophisticated consumer. *See Smith*, 926 F.3d at 381 ("the letter does not identify any creditor other than Comenity Capital Bank, which might have led to consumer confusion").

Even if it weren't expressly stated in the text of the letter (it was), the unsophisticated consumer nonetheless would make the basic logical deduction that the "CREDITOR" placed the subject debt with Alliance for collection and that Alliance was attempting to collect the debt by payment to Alliance. *Cunningham*, 2020 WL 7047076 at *1 (internal quotations omitted and citing *Dennis*, 946 F.3d at 368; *Pettit*, 211 F.3d at 1060).

10

No ambiguity exists concerning the roles of the two entities described in the challenged letter. Nor does the statement "[i]f you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, *if different* from the current creditor" create any confusion. [Compl. ¶¶ 16, 24 (emphasis added).] The FDCPA requires this disclosure, which provides clarity to the consumer about the creditor's identity. 15 U.S.C. § 1692(a)(5); *Smith* at 381 ("Indeed, by informing debtors they could request the name of the original creditor *if different* from the current creditor, the letter alerts debtors the original and current creditor may be the same.").

The challenged letter clearly and accurately identified Alliance as the collection agency attempting to collect the debt Plaintiff owes to the "CREDITOR" listed in the letter—i.e., the "creditor to whom the debt is owed." Plaintiff's "fantastic conjecture" to the contrary fails to state a claim and should be rejected. *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000)

## CONCLUSION

For the foregoing reasons, Defendant Alliance Collection Agencies, Inc. respectfully requests this Court dismiss Plaintiff's complaint in its entirety, on the merits, and with prejudice.

Respectfully Submitted,

By: /s/ *Patrick D. Newman*
One of Alliance Collection Service, Inc.'s Attorneys

Patrick D. Newman
**Bassford Remele PA**
100 South 5th Street, Suite 1500
Minneapolis, Minnesota 55402
Tel. 612-333-3000
Fax 612-746-1232
pnewman@bassford.com